**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN GORDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10 C 1335 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Jonathan Gordon has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**BACKGROUND OF THE CASE**

Gordon pled guilty to four counts of a superseding indictment involving bank robbery. Count I charged the defendant and three co-defendants with conspiracy to rob the Oswego Community Bank in Montgomery, Illinois, the deposits of which were insured by the Federal Deposit Insurance Corporation. Count II charged the same four defendants with the actual robbery of the Oswego Community Bank on February 14, 2006, in violation of 18 U.S.C. § 2113(a) and (d). Count III charged the co-defendants with having knowingly possessed a firearm in furtherance of the bank robbery charged in Count II, in violation of 18 U.S.C. § 924(c)(1)(A). Count IV charged only Jonathan Gordon and one of his co-defendants, Arturo

Guillen, with having robbed on April 6, 2006 the Associated Bank in Montgomery, Illinois, whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a) and (d). Count V of the superseding indictment, charging the defendants Guillen and Gordon with having knowingly possessed a firearm in furtherance of the Associated Bank robbery charged in Count IV, in violation of 18 U.S.C. § 924(c)(1)(A), was dismissed by the government at sentencing, as the government had agreed to do.

Gordon was sentenced to 60 months on Count I (conspiracy) and 144 months on Counts II and IV (the two bank robberies), to be served concurrently with Count I. On Count III, a required consecutive sentence of 84 months (for use of a firearm in the Oswego robbery) was imposed, for a total sentence of 228 months on the four counts.

Gordon's § 2255 petition alleges nine grounds under the Sixth Amendment, asserting various deficiencies of his trial and appellate counsel amounting to ineffective assistance under the rule of Strickland v. Washington, 466 U.S. 668 (1984). The petition lists the nine grounds, but they are developed to a somewhat greater extent in the petitioner's 41-page supporting memorandum, and we will discuss each of the grounds as set forth in that memorandum. Petitioner has signed the memorandum, but it appears to have been prepared by someone else, perhaps a fellow

inmate at the Federal Correctional Institution at Oxford, Wisconsin. Assistance of this kind can be quite helpful to a *pro se* petitioner, but that has not been true in this instance. The lengthy memorandum consists for the most part of references to general principles of law and quotations from cases whose application to the case at hand is never shown. In fact, the memorandum has the earmarks of having been prepared for someone else--perhaps even a succession of persons--rather than for Mr. Gordon. Moreover, as we shall see, there is reason to believe that the author of the memorandum has never even read the counts of the superseding indictment to which Mr. Gordon pled guilty nor the judgment and commitment order that is being challenged.

We turn now to an examination of each of the grounds asserted. Each of the nine grounds is listed under the heading "Ineffective assistance of counsel" at pages 5 and 6 of the memorandum. The argument as to each ground is that trial and appellate counsel were constitutionally ineffective in failing to make the argument made in the memorandum.

## Ground One (Pages 7-15)

Trial counsel is alleged to have been ineffective in failing to challenge Gordon's prior Illinois convictions, all felonies, that were used to compile his criminal history on the ground that none of them had been based on a grand jury indictment. The argument is that these convictions were unconstitutional under both

the federal and state constitutions and thus should not have been used to enhance Gordon's criminal history at sentencing. The memorandum discusses at great length how various federal constitutional protections have been made applicable to the states by the Fourteenth Amendment, but it does not mention the rules specifically applicable to the use of prior convictions in federal guideline sentencing. In <u>Burgett v. Texas</u>, 389 U.S. 109, 114-15 (1967), the Supreme Court allowed a collateral attack upon a prior conviction used to enhance a sentence where the defendant had been deprived of his right to counsel under the Sixth Amendment, but the Court has declined to extend its scrutiny of prior convictions to cases, where, as here, the defendant was represented by counsel. <u>See</u> <u>Custis v. United States</u>, 511 U.S. 585, 485, 496-97 (1994); <u>see also</u> <u>United States v. Jiles</u>, 102 F.3d 278, 280-81 (7th Cir. 1996); <u>Ryan v. United States</u>, 214 F.3d 877, 879-81 (7th Cir. 2000). Trial and appellate counsel would have had no likelihood of success in challenging the state convictions used for Gordon's criminal history, and there is no question of ineffective assistance.

We reject ground one.

### Ground Two (Pages 15-21)

The complaint here concerns the fact that trial and appellate counsel did not challenge the consecutive sentence imposed for violation of 18 U.S.C. § 924(c). Petitioner cites a number of cases decided prior to 1984 that held that a sentence for a

firearms violation under 18 U.S.C. § 924(c) cannot be made consecutive to a bank robbery conviction involving use of a dangerous weapon under 18 U.S.C. § 2113(d). Considering all of the cases cited in this section of the memorandum, it is hard to believe that the author was unaware of the fact that § 924(c) was amended in 1984 to provide that it <u>can</u> be used consecutively to a conviction under 18 U.S.C. § 2113(d) without violating the Double Jeopardy Clause. <u>See</u> <u>United States v. Harris</u>, 832 F.2d 88, 90-91 (7th Cir. 1987) (citing <u>Missouri v. Hunter</u>, 459 U.S. 359, 366-67 (1983)).

Ground two is rejected.

### Ground Three (Pages 21-24)

Gordon argues in ground three that counsel should have challenged the calculation of his sentence with respect to Count IV. According to petitioner, it was error to enhance his sentence on Count IV (the Associated Bank robbery) by five levels pursuant to Guideline § 2B3.1(b)(2)(C), which applies "if a firearm was brandished or possessed." Gordon argues that instead, Guideline § 2B3.1(b)(2)(E), providing for a three-level increase "if a dangerous weapon was brandished or possessed" should have been used.

The evidence clearly showed that a firearm was brandished by defendant Guillen during the Associated Bank robbery, and the five-level enhancement was specifically appropriate.

Gordon also contends that counsel should have challenged the "double counting" that occurred by virtue of the firearm enhancement with respect to Count IV and his consecutive sentence on Count III for possession of a firearm. But there was no double counting; Count III related to the Oswego robbery, while Count IV related to the Associated Bank robbery.

Ground three is rejected.

## Ground Four (Pages 24-25)

Petitioner argues in ground four that "[m]ultiple convictions under various section[s] of 18 U.S.C. 2113 may not be based on an identical set of facts, since acts violati[ve] of § 2113(a) or (b) or both are merged into conviction under § 2113(d)." (Pet'r's Mem. at 24.) Citing Grimes v. United States, 607 F.2d 6 (2d Cir. 1979), inter alia, Gordon contends that "a judg[]ment may not be entered on si[m]ultaneous convictions pursuant to both § 2113(a) and 2113(d) on an identical set of facts." (Pet'r's Mem. at 25.)

Petitioner's reliance on Grimes is misplaced; here we do not have simultaneous convictions based on an identical set of facts. Gordon was not charged twice for the same robbery; for each of the two bank robberies, he pled guilty to and was sentenced for only one robbery offense. (And, in fact, his sentences on the two bank robberies run concurrently.)

Ground four is rejected.

### Ground Five (Pages 26-28)

In ground five, petitioner presents a vague argument that the court was barred from imposing a consecutive sentence on Count III (for use of a firearm in the Oswego robbery), citing the Second Circuit's interpretation of 18 U.S.C. § 924(c)(1) in <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008). In <u>Whitley</u>, the Second Circuit read language in § 924(c)(1)(A) "to preclude a sentencing court from imposing an additional term of imprisonment under § 924(c)(1) if that term would be shorter than a greater statutory minimum required by another count of conviction." <u>United States v. Easter</u>, 553 F.3d 519, 525 (7th Cir. 2009). It does not appear that <u>Whitley</u> would even apply here because petitioner's other counts of conviction, the bank robbery offenses, do not carry mandatory minimums. But in any event, the Seventh Circuit rejected <u>Whitley</u>'s interpretation of § 924(c) in <u>Easter</u>, 553 F.3d at 525-27, and we are bound to follow Seventh Circuit precedent.

Ground five is rejected.

### Ground Six (Pages 28-32)

This ground is entitled "Questionable Indictment and Questionable Sentencing Procedure." It is a series of references and quotations from general statements of Sixth Amendment law. One sentence states: "As my attorney did in his Ander's [sic] brief to the Court of Appeals, he failed to look or argue anything positive

in my defense although all the issues I brought up herein was available to him."[1]  (Pet'r's Mem. at 29.)

Ground six is meritless.  It is rejected.

## Ground Seven (Pages 32-37)

This ground is entitled "Ineffective Assistance of Counsel." It is a general discussion of ineffectiveness and disloyalty of counsel, with liberal quotations from case law but only a few references to trial counsel in this case.  The discussion is so generic that in several instances, petitioner's memorandum uses masculine pronouns when referring to trial counsel in this case, who is a female attorney.

Ground seven is without merit and is rejected.

## Ground Eight (Pages 37-39)

Ground eight alleges that the government breached the plea agreement.  The allegation is that the Assistant United States Attorney agreed that if the defendant pled guilty, "he would drop gun charges."  Petitioner continues: "The gun charges were dropped but I was still enhanced for the guns that was dropped [sic] an extra Base Offense Level of 5-points."  (Pet'r's Mem. at 39.)

It is true that the Guideline computation for Count IV included a five-level enhancement because Guillen, with Gordon's knowledge, brandished a firearm during the robbery of the

---

[1] Gordon's court-appointed appellate attorney filed an <u>Anders</u> brief and was permitted to withdraw.

Associated Bank. (Presentence Investigation Report, ll. 354-365.) But the Assistant United States Attorney did not agree to delete this enhancement. What she agreed to do was to dismiss Count V at sentencing. (Plea Colloquy, Tr. at 18.) This was a substantial benefit to Gordon, because, had he been convicted on Count V, it would have required an additional 84-month sentence consecutive to Count IV. At sentencing, the government fulfilled this promise by moving to dismiss Count V, and the court granted the motion.

The government did not breach the plea agreement, and ground eight is rejected.

## Ground Nine (Pages 39-41)

Ground nine asserts that trial counsel was ineffective in failing to challenge the two-point enhancement applied to both Counts II and IV for the physical restraint of bank employees. In fact, in the sentencing memorandum she submitted to the court, Gordon's trial counsel did specifically object to the enhancement for physical restraint. (Def.'s Sentencing Mem. at 2-3.) The problem was that the court disagreed with her and found that there was physical restraint.

Ground nine is rejected.

## CONCLUSION

The petition of Jonathan Gordon to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

Gordon has separately moved for an evidentiary hearing on the § 2255 petition.  He has raised no issue that warrants a hearing, and this motion [6] is also denied.


DATE:      September 30, 2010

ENTER:     _____

           John F. Grady, United States District Judge